# In the United States Court of Federal Claims

|  |  |
|---|---|
| **DR. AHMAD ALJINDI,** | |
| *Plaintiff,* | |
| **v.** | **No. 25-1288** |
| | **(Filed: September 25, 2025)** |
| **THE UNITED STATES,** | |
| *Defendant.* | |

## OPINION AND ORDER

**HADJI,** *Judge*.

On August 4, 2025, Plaintiff Ahmad Aljindi, proceeding *pro se*, filed a Complaint initiating the instant action. Compl., ECF 1. In his Complaint, Plaintiff alleges that he is a pioneering artificial intelligence (AI) scientist whose intellectual property was systematically appropriated by the Government for public use without just compensation in violation of the Fifth Amendment. Compl. at 1. For the reasons that follow, the Court **DISMISSES** Plaintiff's case. Plaintiff's Motion for Permission for Electronic Filing (ECF 2), Plaintiff's Motion to Strike (ECF 8), Plaintiff's Amended Motion to Strike (ECF 14), Plaintiff's Motion to Amend/Correct Docket Entries (ECF 15), and the Government's Motion to Dismiss (ECF 16) are thus **DENIED AS MOOT**.[1]

## BACKGROUND

Plaintiff alleges that in 2015, he published a dissertation that addressed the integration of AI with information security and legacy information systems, "open[ing] a new field of research and application, fundamentally shaping federal AI strategies." Compl. at 1-3. Plaintiff alleges that his dissertation introduced novel, copyrighted methodologies and that "[n]o comparable work existed in 2015, making [his] dissertation a foundational [piece of intellectual property] and the seminal resource that opened a new field of AI-driven solutions…." Compl. at 4. Identifying specific Government publications, Plaintiff alleges that, between 2021 and 2025, twenty-three Government AI initiatives appropriated his copyrighted methodologies and frameworks for public use without just compensation. Compl. at 4-5. He seeks $1.8 billion in compensation. Compl. at 21.

---

[1] The Government's Motion to Dismiss seeks dismissal on Rule 12(b)(6) grounds. Because the Court dismisses this case for lack of jurisdiction, it need not reach the merits of Plaintiff's claims.

This lawsuit is far from Plaintiff's first attempt to litigate claims related to his scientific research on AI. Previously, Plaintiff filed at least four actions in the United States District Court for the Central District of California, all of which were dismissed. *See, e.g.*, *Aljindi v. United States*, Case No. 8:18-cv-2301, ECF 8 (C.D. Cal. Jan. 8, 2019); *Aljindi v. United States*, Case No. 8:19-cv-01434, ECF 8 (C.D. Cal. Aug. 5, 2019); *Aljindi v United States*, Case No. 8:20-cv-00002, ECF 13 (C.D. Cal. Jan. 24, 2020); *Aljindi v. United States*, Case No. 8:20-cv-00796, ECF 108, 2021 U.S. Dist. LEXIS 38360 (C.D. Cal. Feb. 16, 2021).

The case at bar is Plaintiff's fourth related suit in this particular Court. Plaintiff previously filed three complaints in this Court involving, in relevant part, purported intellectual property violations arising from his 2015 dissertation or alleged judicial misconduct related to the disposition of such claims. *See Aljindi v. United States*, Case No. 1:21-cv-01295, 2022 U.S. Claims LEXIS 2586 (Fed. Cl. Nov. 28, 2022); *Aljindi v. United States*, Case No. 1:21-cv-01578, 2021 U.S. Claims LEXIS 2423 (Fed. Cl. Aug. 30, 2021); *Aljindi v. United States*, Case No. 1:24-cv-00242, 2025 U.S. Claims LEXIS 2258 (Fed. Cl. Aug. 21, 2025). In Plaintiff's first action, Plaintiff alleged "theft of Plaintiff's intellectual property by the Department of Defense because it used Plaintiff's scientific work about 'Information Security, Artificial Intelligence (AI), and Legacy Information Systems (LIS)' without giving him credit." Complaint, Case No. 21-1295, ECF 1 at 2. In his second action, Plaintiff accused judges in other courts of judicial misconduct stemming from the dismissal of his intellectual property and other claims. Complaint, Case No. 21-1578, ECF 1 at 2-3. And finally, in Plaintiff's latest related attempt in this Court, Plaintiff raised a Fifth Amendment takings claim based on the purported appropriation of his 2015 dissertation, claiming that his "scientific property is the cornerstone for ALL AI Strategies published on AI.gov." Complaint, Case No. 24-242, ECF 1 at 2, 5. Each case was dismissed. *See* Anti-Filing Injunction, Case No. 24-242, ECF 34 (Fed. Cl. Aug. 21, 2025) (recounting Plaintiff's litigation history).

Given Plaintiff's "sustained course of conduct marked by repetitive filings, identical legal theories, and collateral challenges to the Court's authority, despite consistent rulings denying relief," Plaintiff is now subject to an anti-filing injunction.[2] *Id*.

## LEGAL STANDARD

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act "gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act itself, however, "does not create a substantive cause of action." *Fisher v. United*

---

[2] Plaintiff filed the instant action after receiving the Show Cause Notice preceding this injunction. Whether by coincidence or design, the timing of the instant action places it outside the scope of the anti-filing injunction. *See* Order, Case No. 24-242, ECF 31 (Fed. Cl. Jul. 31, 2025).

*States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id*. "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id*. at 1173.

If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Court of Federal Claims Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence," *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering whether dismissal for lack of subject-matter jurisdiction is proper, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

## DISCUSSION

Here, even applying a deferential pleading standard as required by Plaintiff's *pro se* status, the Court concludes that dismissal is proper. "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter Service, Inc. v. F.A.A.,* 525 F.3d 1299, 1309 (Fed. Cir. 2008). Critically, however, this Court lacks the jurisdiction necessary to adjudicate a claim of alleged copyright infringement under the guise of a "takings" claim. That is because

> [i]t is 28 U.S.C. § 1498(b),[3] not the Fifth Amendment to the United States Constitution, that provides the waiver of sovereign immunity that enables a plaintiff to file suit against the government for copyright infringement in the United States Court of Federal Claims.… Because 28 U.S.C. § 1498(b) provides the exclusive remedy for claims of copyright infringement against the government, plaintiff does not have a cognizable claim under the Fifth Amendment against the government.

*Keehn v. United States*, 110 Fed. Cl. 306, 335 (2013), *aff'd*, 541 F. App'x 996 (Fed. Cir. 2013) (citation omitted); *see also Golden v. United States*, 955 F.3d 981, 987-88 (Fed. Cir. 2020) (finding the Court lacks jurisdiction over patent infringement-based takings claims pursuant to 28 U.S.C. § 1491, because patent infringement claims against the Government are to be pursued exclusively under 28 U.S.C. § 1498). Both the Supreme Court and the Federal Circuit have previously considered the related question of whether this Court has

---

[3] 28 U.S.C. § 1498(b) provides that, "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States … the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims …."

jurisdiction over takings claims brought by patent owners alleging infringement by the Government. Reasoning that such actions sound in tort, the Supreme Court held that a patentee could not sue the Government in the Court of Claims for patent infringement as a Fifth Amendment taking. *Schillinger v. United States*, 155 U.S. 163, 168-69 (1894). More recently, the Federal Circuit recognized that "*Schillinger* remains the law" and confirmed that this Court "does not have jurisdiction to hear takings claims based on alleged patent infringement by the government. Those claims sound in tort and are to be pursued exclusively under 28 U.S.C. § 1498." *Golden*, 955 F.3d at 987-88. Because 28 U.S.C. § 1498 likewise provides the exclusive action available for claims of copyright infringement, the same logic applies here, and this Court lacks jurisdiction to hear takings claims based on alleged copyright infringement. *See id.*.

Normally, the Court would generously construe a *pro se* litigant's takings claim as a copyright infringement claim under 28 U.S.C. § 1498. But here, Plaintiff expressly disavows any copyright infringement claims, despite facts which seemingly involve copyright infringement. In his Complaint, he specifies that he "brings this action under the Fifth Amendment to the United States Constitution, seeking just compensation for the United States Government's appropriation of [his] copyrighted IP from [his] 2015 dissertation." Compl. at 1; *see also* ECF 8 at 1 (characterizing his current claims as arising from a "Fifth Amendment taking of intellectual property"). Plaintiff is unequivocal in maintaining that "[t]his complaint is grounded *solely* in the Tucker Act and Fifth Amendment takings, focus[ing] on distinct post-2020 appropriations." Compl. at 17 (emphasis added). He also explicitly contrasts this case from his previously dismissed cases, which he distinguishes as sounding in copyright infringement or other alleged takings. *See, e.g.*, *id*. (characterizing Case No. 21-1295 "as sounding in copyright infringement … and tort, not Tucker Act takings ….").

Given Plaintiff's persistent attempts to repackage his claims and his insistence that his only current claim regarding his "copyrighted IP" is a takings claim, the Court need not consider whether Plaintiff states a claim for copyright infringement under 28 U.S.C. § 1498(b). "There is no duty on the part of the trial court … to create a claim which [Plaintiff] has not spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (citation modified). And the Court particularly declines to do so where Plaintiff, a relatively experienced and sophisticated *pro se* litigant, appears to have made a deliberate and strategic choice to narrow his claims.[4] Although Plaintiff makes one passing reference to 28 U.S.C. § 1498(b) in his Complaint, he does so only in the context of alleging "a taking for public use without compensation in violation of" the statute. *See* Compl. at 1. Accordingly, his Complaint, read as a whole, can only be construed as a takings claim.

---

[4] Plaintiff seemingly does so in a bid to avoid potential issue or claim preclusion, which may apply. *See* Compl. at 17 (arguing that prior dismissals "do not preclude this action under res judicata or collateral estoppel"). Nonetheless, because the Court has no choice but to dismiss for want of jurisdiction, the Court does not consider whether Plaintiff's current claim is otherwise barred.

## CONCLUSION

Because this Court lacks jurisdiction to hear copyright infringement-based takings claims, Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction. Plaintiff's Motion for Electronic Filing (ECF 2), Plaintiff's Motion to Strike (ECF 8), Plaintiff's Amended Motion to Strike (ECF 14), Plaintiff's Motion to Amend/Correct Docket Entries (ECF 15), and the Government's Motion to Dismiss (ECF 16) are thus **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge