NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**AHMAD ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2026-1180

———————————

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01288-PSH, Judge Philip S. Hadji.

———————————

Decided: June 8, 2026

———————————

AHMAD JAMALEDDIN ALJINDI, Irvine, CA, pro se.

SUZANNE JOHNSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, BRETT SHUMATE.

———————————

PER CURIAM.

Dr. Ahmad Aljindi has filed several suits against the United States in which he asserted that the government

has appropriated certain of his intellectual property related to artificial intelligence. As now relevant, he filed a 2021 suit in the United States Court of Federal Claims (Claims Court) that, as interpreted, invoked the Claims Court's jurisdiction under 28 U.S.C. § 1498(b) to hear claims of copyright infringement by the government. The Claims Court dismissed the copyright-infringement claim for failure to state a claim on which relief could be granted, and that dismissal became final. In 2025, Dr. Aljindi filed a new complaint in the Claims Court alleging uncompensated takings of property in his copyright. S. Appx. 1010.[1] The Claims Court construed the complaint as invoking only the court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491, citing language in the complaint that affirmatively distinguished the suit under § 1498(b). *Aljindi v. United States*, No. 25-1288, at 4 (Fed. Cl. Sept. 25, 2025).[2] The Claims Court then dismissed the 2025 action for lack of subject-matter jurisdiction, ruling that it had no Tucker Act jurisdiction to hear Dr. Aljindi's "takings claims based on alleged copyright infringement" because such claims can be pursued only under § 1498(b) (as he had already done). S. Appx. 1004. Dr. Aljindi appeals. We affirm.

I

Dr. Aljindi purports to own the copyright to a 2015 dissertation about artificial intelligence. S. Appx. 1010 (complaint). He has filed many unsuccessful suits in the Claims Court and in district court relating to his allegations that the government has stolen his intellectual property, at least some of which, he claims, is reflected in his dissertation. *See* S. Appx. 1025–28 (Dr. Aljindi describing his prior

---

[1]    "S. Appx." refers to the supplemental appendix submitted with the government's brief.

[2]    A copy of the Claims Court's decision is at S. Appx. 1001–05.

ALJINDI v. US                                                                 3

litigation); *Aljindi v. United States*, No. 26-1031, 2026 WL 1001470, at \*1 (Fed. Cir. Apr. 14, 2026) (recounting Dr. Aljindi's history of litigation and collecting cases).

As relevant to the present appeal, in 2021, Dr. Aljindi, proceeding pro se, filed suit in the Claims Court alleging, among other things, "theft of [his] intellectual property" by the government. *See Aljindi v. United States*, No. 21-1295, 2021 WL 4807205, at \*1 (Fed. Cl. Oct. 15, 2021) (*2021 CFC Decision*). He included a mention of "'copyright[ ] law [ ] violations.'" *Aljindi v. United States*, No. 22-1117, 2022 WL 1464476, at \*1 n.2, \*3 (Fed. Cir. May 10, 2022) (*2022 CAFC Decision*). The Claims Court dismissed the complaint, ruling that it had lacked Tucker Act jurisdiction over Dr. Aljindi's allegations of theft because they sounded in tort or criminal conduct. *2021 CFC Decision*, at \*2. On Dr. Aljindi's appeal in that case, we interpreted his complaint as invoking the Claims Court's jurisdiction over claims for copyright infringement by the government under § 1498(b), and we remanded for the Claims Court to consider whether Dr. Aljindi had stated such a claim. *2022 CAFC Decision*, at \*3–4. On remand, the Claims Court ruled that Dr. Aljindi's complaint did not plausibly state a copyright-infringement claim and dismissed the suit with prejudice. *See Aljindi v. United States*, No. 21-1295, 2022 WL 17330006, at \*2–3 (Fed. Cl. Nov. 28, 2022). We affirmed that dismissal. *Aljindi v. United States*, No. 23-1230, 2023 WL 2778689 (Fed. Cir. Apr. 5, 2023), *cert. denied*, 144 S. Ct. 362 (2023).

Dr. Aljindi, still unrepresented, filed the complaint in this suit in August 2025, alleging that between 2021 and 2025 the government "systematically appropriated" his "copyrighted [intellectual property]" "for public use without just compensation in violation of the Fifth Amendment." S. Appx. 1010. The gravamen of the complaint is the allegation that Dr. Aljindi's 2015 dissertation describes "specific methodologies" related to artificial intelligence and that the government used those methodologies in "twenty-

4                                                                ALJINDI v. US

three major artificial intelligence [ ] initiatives."  S. Appx.
1010–11; *see* S. Appx. 1013–22.

The complaint describes the facts as showing a "viola-
tion of 28 U.S.C. § 1498(b)," which provides a right of action
against the United States for its copyright infringement.
S. Appx. 1010.  But the complaint expressly invokes only
the Claims Court's Tucker Act jurisdiction.  S. Appx. 1026
(describing suit as "grounded solely in the Tucker Act and
Fifth Amendment takings").  S. Appx. 1004.  It also asserts
that the adverse judgment on Dr. Aljindi's earlier copy-
right-infringement claim should not have preclusive effect
because that claim "was dismissed primarily as sounding
in copyright infringement . . ., not Tucker Act takings," in
contrast to the present suit.  S. Appx. 1026.  The complaint
requests a declaratory judgment that "the United States
has taken Dr. Aljindi's [intellectual property] for public use
without just compensation" and seeks approximately $1.8
billion in damages, without reference to the statutory dam-
ages available for copyright infringement under § 1498(b)
and the Copyright Act.  *See* S. Appx. 1031.

In September 2025, the government moved to dismiss
the complaint for failure to state a claim under Rule
12(b)(6) of the Rules of the Court of Federal Claims
(RCFC).  *See* S. Appx. 1009.  Shortly thereafter, the Claims
Court sua sponte dismissed the complaint under RCFC
12(h)(3) for lack of subject-matter jurisdiction and denied
the government's motion as moot.  S. Appx. 1001–05.

The Claims Court held that it lacks jurisdiction under
the Tucker Act "to hear takings claims based on alleged
copyright infringement."  S. Appx. 1003–04.  It analogized
to the decision of this court in *Golden v. United States*, 955
F.3d 981, 986–88 (Fed. Cir. 2020), in which, interpreting
the language of § 1498(a), which provides a right of action
against the government for patent infringement, we held
that the Claims Court lacks Tucker Act jurisdiction "to
hear takings claims based on alleged patent infringement

ALJINDI v. US                                                5

by the government" because such claims "are to be pursued exclusively under . . . § 1498." The Claims Court further reasoned that it "need not consider whether [Dr. Aljindi] states a claim for copyright infringement," because it interpreted the complaint, notwithstanding its one reference to § 1498(b), as asserting only a taking-based cause of action under the Tucker Act, citing the complaint's "express[ ]" and "unequivocal" statement that its sole basis is the Tucker Act. S. Appx. 1004 (citing S. Appx. 1010, 1026). Having thus concluded that it lacked jurisdiction on the only basis properly raised by Dr. Aljindi's complaint, the Claims Court dismissed the complaint. S. Appx. 1005.

Dr. Aljindi timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Dr. Aljindi challenges the dismissal of the complaint on two grounds. He argues that the Claims Court erred in interpreting the complaint as asserting jurisdiction only under the Tucker Act. *E.g.*, Aljindi Informal Br. at 17, 21, 23. He also insists that, even if the court was right to so read his complaint, it erred in holding that it lacked Tucker Act jurisdiction over his claims. *E.g.*, *id.* at 15–16, 21–23. We are unpersuaded by Dr. Aljindi's arguments.

We review the Claims Court's dismissal for lack of subject-matter jurisdiction without deference. *Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023). A plaintiff has the burden to establish the Claims Court's jurisdiction. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The complaint of an unrepresented plaintiff is held to a less stringent pleading standard than one drafted by a lawyer. *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That principle does not, however, relieve an unrepresented plaintiff of his burden to establish jurisdiction. *Kelley v. Secretary, United States Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

We reject Dr. Aljindi's argument that his complaint's one reference to § 1498(b) undermines the Claims Court's conclusion that the complaint invokes only Tucker Act jurisdiction. Aljindi Informal Br. at 21. The complaint communicates in no uncertain terms that Dr. Aljindi's suit "is grounded solely in the Tucker Act and Fifth Amendment takings." S. Appx. 1026. It refers to uncompensated takings pervasively. *See*, *e.g.*, S. Appx. 1010, 1011, 1012, 1013, 1014, 1022, 1031. And the complaint's sole mention of "copyright infringement" is to distinguish Dr. Aljindi's earlier copyright suit which, the complaint says, was different from the present "Tucker Act takings" suit, apparently to preempt a preclusion defense. S. Appx. 1026 ("Prior cases . . . do not preclude this action."). In these circumstances, the complaint's single passing reference to the government's alleged "violation of § 1498(b)," followed by the express disclaimer of a § 1498 theory of jurisdiction for an indicated reason, was not a sufficient basis for the Claims Court to exercise jurisdiction pursuant to § 1498, even for an unrepresented litigant. *See* RCFC 8(a) (requiring "*plain* statement of the grounds for court's jurisdiction" (emphasis added)).

The question that remains is whether the Claims Court had Tucker Act jurisdiction over Dr. Aljindi's claims for uncompensated takings of his property in a copyright. The Claims Court answered "no," because § 1498 is the sole means for pursuing relief for a copyright violation.

Section 1498 reads, in relevant part:

(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the [Claims Court] for the recovery of his reasonable

ALJINDI v. US                                                    7

and entire compensation for such use and manu-
facture. . . .

(b) Hereafter, whenever the copyright in any work
protected under the copyright laws of the United
States shall be infringed by the United States, by a
corporation owned or controlled by the United
States, or by a contractor, subcontractor, or any
person, firm, or corporation acting for the Govern-
ment and with the authorization or consent of the
Government, the exclusive action which may be
brought for such infringement shall be an action by
the copyright owner against the United States in
the [Claims Court] for the recovery of his reasona-
ble and entire compensation as damages for such
infringement, including the minimum statutory
damages as set forth in section 504(c) of title 17,
United States Code[.] . . .

Except as otherwise provided by law, no recovery
shall be had for any infringement of a copyright
covered by this subsection committed more than
three years prior to the filing of the complaint or
counterclaim for infringement in the action, . . . .

Dr. Aljindi argues at length that copyrights are prop-
erty and that they can be the subject of a taking. Aljindi
Informal Br. at 6–8, 15–18, 21–23; *see*, *e.g.*, *id.* at 16 (incor-
rectly characterizing basis for dismissal as that "copyrights
are not compensable property" (cleaned up)). But the
Claims Court did not disagree with that proposition. It
held only that the Tucker Act does not give it jurisdiction
over that type of taking because the § 1498 remedy is ex-
clusive. Dr. Aljindi presents no meaningful argument di-
rected at that conclusion.

The Claims Court's reasoning is persuasive. The
Claims Court has Tucker Act jurisdiction over a claim for
just compensation under the Fifth Amendment's Takings
Clause "unless Congress has withdrawn the Tucker Act

grant of jurisdiction." *Horne v. Department of Agriculture*, 569 U.S. 513, 526–27 (2013) (citation omitted). In *United States v. Bormes*, 568 U.S. 6 (2012), the Supreme Court held that "[t]he Tucker Act is displaced [ ] when a law assertedly imposing monetary liability on the United States contains its own judicial remedies," emphasizing that a "specific remedial scheme" (there, a statute providing for redress for certain violations of consumer privacy under the Fair Credit Reporting Act) "supersedes the gap-filling role of the Tucker Act." *Id.* at 12–13; *see id.* at 13 (citing *Hinck v. United States*, 550 U.S. 501, 506 (2007) (no Tucker Act jurisdiction over claims for erroneously assessed tax interest where "precisely drawn, detailed statute" provides for relief in Tax Court (citation omitted)), *United States v. Fausto*, 484 U.S. 439, 454 (1988) (no Tucker Act jurisdiction over back pay claims for which the Civil Service Reform Act provides "comprehensive and integrated review scheme"), and *United States v. Erika, Inc.*, 456 U.S. 201, 206–08 (1982) (no Tucker Act jurisdiction to hear dispute over amount of Medicare Part B payments, where Medicare statute provides review scheme)).

In determining whether § 1498(b) ousts Tucker Act jurisdiction, our "lodestar" must be "the language of the statute." *Erika*, 456 U.S. at 206. The statute unambiguously states that "*whenever the copyright in any work protected under the copyright laws . . . shall be infringed by the United States, . . . the exclusive action which may be brought for such infringement* shall be an action by the copyright owner . . . in the [Claims Court] for the recovery of . . . damages for such infringement[.]" § 1498(b) (emphasis added). It, further, incorporates by reference the "minimum statutory damages" and (impliedly) the definition of copyright infringement found in the Copyright Act, and it duplicates that Act's three-year statute of limitations. *See* § 1498(b) (citing 17 U.S.C. § 504(c)). Section 1498(b) thus sets out a detailed remedial scheme: It defines the forum, proper plaintiff, liable acts, limitations period, and remedy,

and it authorizes judicial relief. *Cf. Bormes*, 506 U.S. at 13–14. What is more, it does so in language explicitly emphasizing the "exclusive" nature of its right of action, which strongly indicates Congress's intent that simultaneous Tucker Act jurisdiction not be available. *See id.*; *Hinck*, 550 U.S. at 506 (finding Tucker Act jurisdiction displaced even without express language of exclusivity); *see also Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (explaining that waivers of sovereign immunity are to be strictly construed).

As the Claims Court rightly observed, S. Appx. 1004, that analysis accords with our decision in *Golden*, 955 F.3d at 986–88, concerning § 1498(a), which addresses *patents*. In *Golden*, we held that "the Claims Court does not have jurisdiction to hear takings claims based on alleged patent infringement by the government" because such claims are "to be pursued exclusively under 28 U.S.C. § 1498[(a)]," which provision, we recognized, "was intended alone to provide for . . . a right to sue [the government] for [patent] infringement." *Id.* at 987–88 (internal quotation marks and citations omitted). Section 1498(a), although not expressly exclusive, defines a proper plaintiff (a patent owner), a forum (the Claims Court), a liable act (patent infringement by use or manufacture of a patented article by the United States), and a remedy (reasonable compensation). Section 1498(b) is more detailed insofar as it includes a statute of limitations different from the general time-bar of 28 U.S.C. § 2501, and it actually is expressly exclusive. If § 1498(a) displaces Tucker Act jurisdiction for takings claims based in patent infringement, the case is even stronger that § 1498(b) does the same for takings claims based in copyright infringement. *See Gaylord v. United States*, 678 F.3d 1339, 1343 (Fed. Cir. 2012) (interpreting § 1498(b) in view of § 1498(a)); *Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 180–81 (D.C. Cir. 1987) (same).

In light of the foregoing, we see no error in the Claims Court's conclusion that it lacked jurisdiction over Dr. Aljindi's copyright-infringement takings claims. Dr.

Aljindi complains that the Claims Court "mischarac-teriz[ed]" his claims as "mere copyright infringement," Aljindi Informal Br. at 6, but does not explain how the Claims Court was wrong to say that the complaint asserts "takings claims based on copyright infringement," S. Appx. 1004. The complaint itself refers to underlying acts of re-production as supporting its allegations of uncompensated takings. *See*, *e.g.*, S. Appx. 1015 (asserting that govern-ment documents are "identical to Dr. Aljindi's dissertation expressions"). Dr. Aljindi does not identify a taking apart from the asserted underlying acts of infringement. Dr. Aljindi has thus failed to show error in the Claims Court's holding that his claims were of the kind that must be brought under § 1498(b) and therefore outside the Claims Court's Tucker Act jurisdiction.

## III

We have considered Dr. Aljindi's remaining arguments and find them unpersuasive. The judgment of the Claims Court is affirmed.

The parties shall bear their own costs.

**AFFIRMED**